United States District Court
Southern District of Texas
**ENTERED**
July 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| TERRY CANALES, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:25-CV-00383 |
| | § | |
| ELISA BERISTAIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANT BERISTAIN'S MOTION TO DISMISS**

Before the Court is Defendant Eliza Beristain's renewed motion to dismiss claims by Plaintiff Terry and Plaintiff Erica Canales (together "Plaintiffs"). Dkt. No. 19. For the reasons discussed below, Defendant Beristain's motion is **GRANTED**, and Beristain is **DISMISSED** as a defendant to the lawsuit.

**I.    Background**

This action arises from a defamation dispute between Plaintiffs Terry Canales and Erica Canales and Defendant Elisa Beristain, along with Maya Magazines, Inc. and Maya Publishing Group, LLC. Defendant Beristain is a California-based media personality who hosts a Spanish-language entertainment and gossip podcast distributed on social media platforms. Plaintiffs allege that, in an Instagram video posted on March 12, 2025, Defendant made statements suggesting that Plaintiff Terry Canales, a sitting Texas state representative, was connected to alleged corruption and conspiracy in Edinburg, Texas. The statements by Beristain at issue here—rendered by Plaintiffs only in English paraphrase, and without the original video attached—are alleged to be the following:

- "A person accused by the DEA of conspiracy [Esteban Alonzo] made payments to Terry Canales for his political campaign."

- "Terry Canales' political campaign was financed by Esteban Alonzo in order to run a ring of corruption in Edinburg, Texas."

Dkt. No. 11, at p.7. Plaintiffs assert seven causes of action against Defendant Beristain: libel and slander, libel per se, libel per quod, slander per se, slander per quod, strict liability defamation, and intentional infliction of emotional distress, seeking $10 million in damages. Plaintiffs filed their Original Petition on April 14, 2025, and their First Amended Petition on May 1, 2025, adding the Maya Defendants while continuing to name Defendant Beristain. Beristain removed the action to this Court on August 3, 2025, and filed her original Motion to Dismiss under Rules 12(b)(6) and 12(b)(3) on August 25, 2025. The parties thereafter engaged in a series of continuances and abatements: a fourteen-day extension of Plaintiffs' response deadline (granted September 25, 2025); a thirty-day abatement through November 5, 2025 (granted October 6, 2025), during which Plaintiffs filed their First Amended Complaint on September 29, 2025; and a further sixty-day joint abatement through January 19, 2026 (granted November 20, 2025), entered to permit continued settlement discussions. During this period, Plaintiffs sent Defendant Beristain a written request for correction, clarification, or retraction on October 20, 2025, invoking the Texas Defamation Mitigation Act. Defendant Beristain responded on November 7, 2025, and, under Section 73.057 of the Act, requested the evidentiary basis for Plaintiffs' falsity allegations. Beristain claims that evidence has not been provided. Following expiration of the abatement period, Defendant Beristain renewed her Motion to Dismiss on January 20, 2026. Despite the Court's grant of over forty extra days to respond, Plaintiff has failed to do so.

## II.    Standard of Review

"Rule 12(b)(6) authorizes the filing of motions to dismiss asserting, as a defense, a plaintiff's 'failure to state a claim upon which relief can be granted,'" and is read in conjunction with the federal pleading standard. *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d

890, 899 (5th Cir. 2019) (quoting FED. R. CIV. P. 12(b)(6)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677-68 (2009); FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief[.]").  "Thus, claims may be dismissed under Rule 12(b)(6) 'on the basis of a dispositive issue of law,'" and also "if the complaint does not contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Inclusive Cmtys. Project*, 920 F.3d at 899 (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Iqbal*, 556 U.S. at 678).  The "plausibility" standard does not require detailed factual allegations, but a party's "obligation to provide the 'grounds' of his 'entitle[ment]' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *accord Iqbal*, 556 U.S. at 678.  To "show" that the pleader is entitled to relief, the well-pleaded facts of the complaint and any other matters properly considered[1] must allow the court, drawing on its "judicial experience and common sense," to infer "more than the mere possibility of misconduct."  *Iqbal*, 556 U.S. at 679.

### III.    Analysis

Plaintiffs allege seven causes of action against Defendant Beristain: Defamation – Libel and Slander; Defamation – Libel Per Se; Defamation – Libel Per Quod; Defamation – Slander Per Se; Defamation – Slander Per Quod; Strict Liability Defamation – Libel and Slander; and Intentional Infliction of Emotional Distress ("IIED"). Defendant Beristain advances six threshold deficiencies with Plaintiffs' that she describes as dispositive, as well as substantive arguments

---

[1]  "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)); *see also Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (court's review on 12(b)(6) motion "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint").

against Plaintiffs' slander claims. Despite two deadline extensions, Plaintiffs have not responded to Berenstein's motion to dismiss. *See* Dkt. Nos. 20, 21, & 22. Failure to respond to a motion is considered a statement of no opposition. S.D. TEX. LOCAL RULE 7.4. That said, the Fifth Circuit has "not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quotation omitted).

The Court begins by addressing those claims that may be dismissed at the threshold, before analyzing Defendant's more substantive arguments against Plaintiffs' claims. First, Beristain argues that, even if taken as true, Plaintiff Erica Canales's claims against Beristain should be dismissed, as Defendant's statements mention only Plaintiff *Terry* Canales. Even in Plaintiffs' own translations,[2] Beristain's comments mention only Terry Canales, not Erica Canales. "[S]ettled law requires that the false statement point to the plaintiff and to no one else." *Kaufman v. Islamic Soc. of Arlington*, 291 S.W.3d 130, 145 (Tex. App.—Fort Worth 2009, pet. denied) (quoting *Newspapers, Inc. v. Matthews*, 339 S.W.2d 890, 894 (1960)). True, "[i]t is 'not necessary that the individual referred to be named if those who knew and were acquainted with the plaintiff understand from reading the publication that it referred to [the] plaintiff'" *Id*. But that is not so here. Erica Canales has not plead group libel, and even under an extrinsic-defamation framework (libel per quod)—in which a statement whose textual meaning is innocent becomes defamatory when considered in light of other facts and circumstances sufficiently expressed before or

---

[2] Although Defendant's alleged statements were made in Spanish, Plaintiffs do not provide the original Spanish statements, attach the original video; instead, they offer only "conclusory English paraphrases," without a certified translation. Dkt. No. 19, at p.11. But that is likely not enough to warrant dismissal of a complaint. While it is true that "any party wishing to rely on Spanish language documents must provide a certified English translation with such documents, offering copies and notice to all parties and this Court . . . ," Garza Rodriguez v. Escamilla Lara, 2013 WL 12109029, at *2 (W.D. Tex. Oct. 25, 2013), such a requirement is usually applied to evidentiary or summary judgment filings. Indeed, "[a] plaintiff is under no obligation to include a pertinent document as an exhibit to his complaint." *Sheppard v. Tex. Dep't of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994).

otherwise known to the reader—there are no facts included in the complaint that plausibly indicate that a viewer would understand from Beristain's comments about, say, an alleged "ring of corruption" were specifically in reference to Erica Canales "and no one else." *Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 626 (Tex. 2018) (quotation omitted). That, combined with the standard that "plaintiffs relying on extrinsic defamation must assert as much in their petitions to present the theory at trial," *id*., means that Plaintiff Erica Canales's defamation claims against Beristain fail as a matter of law.

Second, Beristain argues that Plaintiffs' intentional infliction of emotional distress (IIED) claim is not cognizable and should be dismissed. As Beristain points out, the Texas Supreme Court has elaborated that IIED is "a 'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). For that reason, "[w]here the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." *Id*. Indeed, when the substance of the complaint is covered by another tort, "a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, [an alternate] claim." *Id*. at 448. Here, it is undisputed that the gravamen of Plaintiffs' claims is defamation, and thus IIED is unavailable as a claim under Texas law. For that reason, Plaintiffs' IIED claim is dismissed.

### a. Actual Malice

Turning to the remaining claims by Terry Canales's against Beristain, Defendant advances several other arguments attacking Defendant's claims at the threshold.[3] However, the Court finds

---

[3] Beristain argues that Plaintiffs' libel claims fail as a matter of law because they do not allege any written publication by defendant Beristain, but instead revolve around oral remarks Beristain purportedly made in a video post published on Instagram. "[T]o show a prima facie case of libel, [Plaintiffs] must present clear and

it more economical to address Defendant's core substantive argument: that Canales's defamation claims fail as a matter of law because he does not allege actual malice. Under Texas Law, "for the actual malice standard to apply, two prerequisites must be met: 'First, the plaintiff must be a public official for the purpose of the published statements, and second, the allegedly defamatory statements must relate to the plaintiff's official conduct.'" *Vice v. Kasprzak*, 318 S.W.3d 1, 15 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *HBO, A Div. of Time Warner Entm't Co., L.P. v. Harrison*, 983 S.W.2d 31, 36 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

There is no dispute in this case that Canales, a sitting state representative, is a public official. *Dolcefino v. Turner*, 987 S.W.2d 100 (Tex. App.—Houston [14th Dist.] 1998) ("Turner, as a sitting state representative and a candidate for mayor of the fourth largest city in the United States, is a public official."); *Hotze v. Miller*, 361 S.W.3d 707 (Tex. App.—Tyler 2012, pet. denied) ("A public [official] is one who is authorized by law to independently exercise functions of either an executive, legislative, or judicial character."). Furthermore, the Texas Supreme Court, following the U.S. Supreme Court has held that "'official conduct' includes not only official acts or omissions but also statements that relate to or touch on the person's fitness for office," and that "as a matter of constitutional law that a charge of criminal conduct, no matter how remote in time or place, can never be irrelevant to an official's or a candidate's fitness for office." *Greer v. Abraham*, 489 S.W.3d 440, 447 (Tex. 2016) (quoting *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 277 (1971)). Taking Defendant's translations as accurate, Beristain stated that "person accused by

---

specific evidence that defamatory statements were published to a third party in written or graphic form." *Cunningham v. Waymire*, 612 S.W.3d 47, 60 (Tex. App.—Houston [14th Dist.] 2019, no pet). However, this threshold issue is not so clear cut—video might be regarded as an "*other graphic form . . . .*" TEX. CIV. PRAC. & REM. CODE § 73.001; *see Wayne Dolcefino & Dolcefino Communications, LLC v. Chaudhary*, 2023 WL 7141149, at *9 (Tex. App.—Houston [14th Dist.] Oct. 31, 2023, no pet.) (entertaining libel claims for a media personality's Youtube video). Beristain also argues that Plaintiffs' "strict liability defamation" claim fails because Texas law always requires fault. However, that is also not strictly true—in the case of "non-media defendants," against whom Plaintiffs purport to levy their claim, Texas courts are split in their application of strict liability. *See Amell v. Van Pelt*, 729 S.W.3d 70, 87 (Tex. App.—Houston [14th Dist.] 2025, no pet.) (noting split).

6 / 8

the DEA of conspiracy" had made payments to Terry Canales's campaign, as well as to Canales to allow him run a "ring of corruption." There is no doubt or dispute that such statements relate to Terry Canales's fitness for office. Both prongs have been satisfied, and therefore, the higher "actual malice" standard of proof applies to his defamation claims.

The standard established, Plaintiff's claims do not sufficiently allege actual malice. To sufficiently plead actual malice, Plaintiffs must have alleged that the published "statement was made with knowledge of its falsity or reckless disregard for its truth." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 744 (5th Cir. 2019). Plaintiffs' amended complaint only once mentions the concept, claiming only that "[t]he very nature o[f] Beristain's platform and the manner in which she publicizes her statements/stories constitute actual malice." Dkt. No. 11, at p.8. But beyond this conclusory statement, Plaintiffs do not allege specific facts to demonstrate that Defendant knew the statements were false or that she acted with reckless disregard for the truth when she made them. Taking Plaintiff's facts as true at the motion to dismiss stage does not require the Court to "credit a complaint's conclusory statements without reference to its factual context." Iqbal, 556 U.S. at 665. The Fifth Circuit has found that "scant assertions" without "the existence or contents of specific discussions, correspondence, or supporting documentation" can provide "an independent, standalone basis for dismissal of [Plaintiff's] defamation claims." *Walker*, 938 F.3d at 744 (affirming district court dismissal for failure to sufficiently plead facts demonstrating defendants acted with actual malice). Courts in this circuit have dismissed defamation claims for similar deficiencies. *See Davis v. Jones,* 2024 WL 2707952, at *6 (E.D. Tex. Mar. 13, 2024).

Because Plaintiff Terry Canales has failed to sufficiently plead the requisite fault standard for all claims against Beristain sounding in defamation, and Plaintiff Erica Canales was not sufficiently identified by the statements, Plaintiffs have failed to state a claim upon which relief

can be granted. Accordingly, Defendant Beristain's motion to dismiss is hereby **GRANTED**, and all claims against Elisa Beristain are **DISMISSED**.

SO ORDERED July 13, 2026, at McAllen, Texas.

_____
Randy Crane
Chief United States District Judge